FRED W. JONES, Jr., Judge.
A mother appeals a district court judgment changing the custody of her ten year old daughter to the child’s father.
Finding that the trial judge did not abuse his discretion in determining that this change of custody was in the best interest of the child, we affirm.
Claude Gilmore and Annie Gilmore (now Williams) were married in 1970. One child, Nicole, was born of this marriage in 1972. The parties were judicially separated in 1975 and custody of the minor child was awarded to the mother in an uncontested proceeding. A 1976 divorce judgment continued that custody in the mother.
This proceeding to change Nicole’s custody was instituted by the father in March 1982. Trial of the rule was held in May 1982.
Following her divorce from Gilmore, the defendant-in-rule was married to Roger Bleur in 1976. At the trial, Bleur testified that he divorced defendant-in-rule in 1981 on the ground of her adultery with Jim Williams. Defendant-in-rule (along with Nicole) lived with Williams for a year before their marriage in September 1981.
Mrs. Williams testified that, during the two year period prior to the trial, she changed her residence (with Nicole) some eight different times.
Gilmore also remarried, having wedded his present wife, Peggy, in 1976. At the time of the trial they were living in a large mobile home located near a lake outside of Vivian. Residing with them were Mrs. Gilmore’s two children by a prior marriage and a fifteen month old child born to the Gil-mores. Gilmore is a 100% disabled veteran of the Vietnam War, drawing a monthly pension of $1422.
Gilmore presented several witnesses who stated that Williams, Nicole’s stepfather, employed excessive force in disciplining the youngster and, during drinking bouts, used vulgar language and profanity in the child’s presence. Among those who testified to this effect were Emma Flaherty (Mrs. Williams’ sister) who resided in the Williams’ dwelling for three months in the latter part of 1981; Wendy Cross (Mrs. Flaherty’s daughter) who lived in the Williams’ home *414 for a month when her mother was staying there; and Larry Bethney (Wendy’s boyfriend) who visited the Williams’ residence two or three times a week while Wendy was living there.
Gilmore stated that, when exercising visitation rights with Nicole, he often noticed bruises on her arms, legs and back. These contusions were also observed and testified to by Peggy Gilmore; Pauline Gilmore, Nicole’s paternal grandmother; Dindy Shelton, Nicole’s 12 year old cousin; and Michel Sullivan, Mrs. Gilmore’s 8 year old daughter. The latter two noticed the bruises when they were bathing with Nicole.
In refutation of the charges of abuse of Nicole by her stepfather, Mrs. Williams presented a number of witnesses who denied ever seeing Williams mistreat the child or use improper language in her presence.
In his oral reasons for judgment, the trial judge took cognizance of Mrs. Williams’ frequent change of residence and her living openly with Williams for a year prior to their marriage. Further, on the allegation that Williams abused Nicole, the trial judge concluded that the witnesses presented by Gilmore were either more credible than those testifying on behalf of Mrs. Williams or that the latter had no opportunity to observe the described incidents of mistreatment. Consequently, the trial court made the fact-finding that Williams used excessive force in disciplining Nicole, expressed himself in vulgar and profane language before the child, and drank alcoholic beverages to an excess in her presence. Based upon these findings, the trial judge concluded that Nicole’s best interest would be served by changing her custody from her mother to her father who was “willing and able to provide for her with a Christian home, a stable environment, and a loving home.”
The trial judge correctly recognized that the proper test to be applied in contests of this nature is “the best interest of the child.” La.Civil Code Art. 157; Bagents v. Bagents, 419 So.2d 460 (La.1982); Bordelon v. Bordelon, 390 So.2d 1325 (La.1980).
In child custody cases great weight is accorded by appellate courts to the trial judge’s determination with reference to the child’s best interest. Bordelon v. Bordelon, supra.
Acting within the perimeters of these guidelines, based upon our review of the record we do not find that the trial court abused its broad discretion in finding that the best interest of Nicole would be served by changing her custody from her mother to her father. As did the trial judge, we also consider as significant factors the unstable environment for Nicole resulting from her mother’s frequent change of residence; Williams’ employment of excessive force in disciplining the child, drinking alcoholic beverages to an excess in her presence, and directing profane and vulgar language at the youngster; and the fact that Mrs. Williams lived (with Nicole) in open concubinage with Williams for a year prior to their marriage.
For these reasons, we affirm the judgment of the district court, at appellant’s cost.